## McGlue *versus* City of Philadelphia.

Where, by agreement of parties, all matters in controversy in a pending suit are submitted to the decision of a referee, under the provisions of the Act of June 16, 1836, and the supplement thereto, and after an award by the referee the Court sustains exceptions filed thereto, the proper course is for the Court either to refer the cause back to the referee for further proceedings, or, if the award be substantially defective, to set it aside.

Where, instead of so doing, after exceptions to the award on behalf of the defendant had been sustained by the Court, the prothonotary, without further order of the Court, made an entry of "judgment," to which judgment the plaintiff took a writ of error:

   *Held*, that said entry was not a judgment of the Court, which would support a writ of error, and said writ of error, therefore, was quashed.

January 31, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 1, of *Philadelphia county*: Of January Term, 1884, No. 53.

[McGlue v. City.]

Debt, by Edward S. McGlue, Sr., against the City of Philadelphia. The parties, by their counsel, filed the following agreement:

"It is hereby agreed by and between the parties to the above entitled suit that all matters in controversy between them in said action shall be submitted to the decision of Samuel Gormley, Esq., as referee, under the provisions of the Act of Assembly, approved June 16, A. D., 1836, and the supplement thereto, without waiving the right of either party to exceptions to the report of the said referee, and to a writ of error to the judgment of the said court upon said report and exceptions; the testimony taken before the referee to be annexed to and made a part of his report."

The referee, on December 8, 1882, filed his report, awarding to the plaintiff the sum of $470.88. The defendant filed exceptions to the referee's findings of fact and law, and to the award. On September 22, 1883, the Court entered the following order: "Exceptions sustained." (No opinion filed.) Immediately following said entry on the docket was the following: "Eo die, judgment."

The plaintiff thereupon took this writ of error, assigning for error the action of the court in "sustaining the exceptions of the defendant to the report of the referee," and "in not entering judgment for the plaintiff."

The history of the case in the paper book of the plaintiff in error concluded thus:

"In order to avoid any amendments of the pleadings, it is understood that all technical defects as to the sufficiency of the pleadings are waived, and that no error in said pleadings shall prevent a recovery by plaintiff, and an entry of judgment in error against the defendant, if, under the facts before the court and the law, a recovery could be had on the plaintiff's claim herein, under any other form of action."

*Redding* (with him *Jones* and *Carson*) for the plaintiff in error.

*William H. Addicks* (with him *William Nelson West*) for the defendant in error.

Chief Justice MERCUR delivered the opinion of the Court, February 11, 1884.

This contention arises from an agreement to submit all matters of controversy in a pending suit to a referee under the voluntary Arbitration Act of 16th June, 1836. The agreement fails to specify whether the reference is under the third or the sixth section of the Act. The party against

[McGlue *v.* City.]

whom the award is made may file exceptions thereto under either section for plain mistake in matter of fact or matter of law. If, on exceptions so filed to an award, it shall appear that such mistake has been made, the seventh section of the Act makes it lawful for the court to refer the cause back to the same referees for further proceedings. We do not think, however, this is obligatory on the court; but if the award be substantially defective it may be wholly set aside. It was so held on a similar statute in Etler *v.* Edwards, 4 Watts, 63.

In the present case the award was in favor of the plaintiff for a sum specified. The defendant filed seven exceptions thereto. Some of them alleged mistakes of fact, others mistakes of law. Each of them struck at the validity of the whole award. The court sustained the exceptions. There its action stopped. It filed no opinion. It made no order referring the cause back to the same referee, nor did it make any other order.

The effect of the decision of the court was to set aside the report of the referee, but not to direct or authorize any judgment to be entered. It left the cause pending.

Afterwards the prothonotary, without any order from the court, made an entry of "judgment" as of the day the exceptions were sustained. We cannot treat this as a judgment of the court. It is not only without authority of the court, but is in conflict with the clear intent and purpose of the decision which it did make. On application to the court below the entry will be stricken from the record.

We have not overlooked the statement made at the end of the "history of the case" as to the understanding relating to the pleadings, and amendments thereto; but all therein contained is wholly insufficient to establish a judgment in the court below, and therefore there is none for us to either affirm or reverse here.

Writ quashed.