## Bair *v.* Frischkorn Bros., Appellants.

*Evidence—Party dead—Surviving party called as on cross-examination on former trial—Competency—Offer.*

To remove the incompetency of a surviving party, an offer to show "that on a former trial of the case the witness was called by the opposite party as if under cross-examination and was asked questions and had answered them, and that thereby the witness was made competent to testify to matters occurring in the lifetime of the deceased party," is not sufficient; the offer to be self-sustaining should state that the questions and answers related to matters occurring in the lifetime of the deceased party.

Argued Oct. 10, 1892.   Appeal, No. 78, Oct. T., 1892, by defendants, from judgment of C. P. Armstrong Co., June T., 1890, No. 253, on verdict for plaintiff, Nancy Bair, administratrix of George Bair, deceased.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on judgment note.

The facts as they appeared at the trial before RAYBURN, P. J., are stated in the opinion of the Supreme Court.

*Error assigned* was ruling on evidence recited in the opinion.

*W. D. Patton,* for appellants, cited Seip v. Storch, 52 Pa. 210; Bennett v. Williams, 57 Pa. 404; Maclay v. Work, 10 S. & R. 194.

*M. F. Leason, J. R. Henderson* with him, for appellee.

OPINION BY MR. JUSTICE STERRETT, October 31, 1892.

Frederick Frischkorn, one of the defendants, was called by them to prove that he had an arrangement with plaintiff's intestate, George Bair, by which any payments made to him were to be credited on the note in controversy; that several payments were accordingly made thereon, etc.   Plaintiff's objection, that the witness is incompetent, because he is a party to the record, was sustained by the court; and thus arose the only question presented by this record.

In this action by the administratrix of George Bair, the defendants were prima facie incompetent to testify to any arrangement or contract with her intestate.   It was therefore incumbent on them to overcome the prima facie incompetency

of their witness by presenting facts, the effect of which would be to remove the disqualification. For example, if they had been able to show that on a former trial, the same witness was called by plaintiff to prove transactions between her intestate and himself, the effect would have been to accredit the witness and thus remove his prima facie disqualification. Recognizing the fact that it was incumbent on them to do so, the defendants, as part of their offer, proposed to show " that on a former trial of this case, viz.: June Term 1891, the witness was called by the plaintiff as if under cross-examination, and was asked questions and answered them, and that thereby the plaintiff made him a competent witness to testify to all matters occurring in the lifetime of George Bair."

The inference thus drawn by the defendants is a non sequitur from any of the averments contained in their offer. It does not appear therein that the questions propounded to and answered by the witness related to anything occurring in the lifetime of George Bair. If it did so appear, the offer would be self-sustaining; but it does not. For aught that is stated in the offer, the questions may have related to something that occurred since George Bair's decease, and as to which the witness was fully competent to testify. We have no right to assume that they related to anything else.

It follows from what has been said that the offer was not self-sustaining, and there was no error in excluding the witness.

Judgment affirmed.