John Hambleton's Estate. Annie C. Lamborn's Appeal.

*Evidence—Competency of witness—Decedents' estates.*

Where a distributee is called as a witness to testify to the facts occurring after the death of the decedent, and is cross-examined by the other side as to matters occurring prior to the death of decedent, he becomes a competent witness for all purposes.

Argued Feb. 11, 1895. Appeal, No. 345, Jan. T., 1894, by Annie C. Lamborn, from decree of O. C. Chester Co., dismissing exceptions to auditor's report. Before STERRETT, C. J., MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report.

Before the auditor, Charles H. Pennypacker Esq., D. Frances Hambleton, the wife of Theodore P. Hambleton, decedent's son, presented a claim of $84 for boarding and $44.36 for expenditures in providing for the funeral of deceased, total $128.36. John Coates, executor of the decedent, a disinterested witness, testified in support of the claim for boarding. Theodore P. Hambleton, being called by the claimant, testified as follows:

" My father died in our house September 5, 1892. I paid certain funeral expenses from my wife's funds. (Bill shown witness.) That is a correct statement of the telegraphing, funeral notices, postage, messenger work, carriage-hire, shaving, etc., as charged in the bill which amounts to forty-four dollars and thirty-six cents. ($44.36.) For the ninety meals furnished 25 cents was charged for each. Thirty-six horses were fed and twenty cents was charged for each feed. I paid Thomas Grier the carriage hire. I used that value of postage stamps and paid that item ($2.80) for printing notices."

Examined by W. S. Harris, Esq.— " I did business for my father after he came to live with me. He never paid me anything for boarding. He generally attended to his own business. I carried money for him to bank and engaged help for him. He has given me money and papers to deposit. He never paid anything to me. (Check for $100 indorsed by decedent and by witness, shown witness) : That is a check he gave on our disputed account. I got this money about a week from his death.

Before he came to board with us there was about one hundred and sixty dollars due from him upon a disputed account. This check was to go on that and had nothing to do with the boarding and washing."

Examined by Mr. Ramsey.— " There was a contract for boarding." (Mr. Harris objects to the witness testifying upon this point. The auditor rules that the testimony is admissible, because Mr. Harris had examined him upon matters occurring prior to the death of decedent, whereby witness became competent for all purposes, Seip v. Storch, 52 Pa. 210.)

" There was a contract for boarding between my wife and my father. It was made when he came to our house, and he agreed to pay three dollars a week for his boarding and fifty cents a week for his washing, and he was there twenty-four weeks, and no part of this bill for boarding and washing has been paid."

Examined by Mr. Harris.—(Auditor's report in the assigned estate of Theodore Hambleton, the witness, exhibited whereby it appears that several thousand ·dollars remained due and unpaid to his father, the said decedent.)    " I have not paid what I owed my father. He never expected me to pay it. He forgave the debt, and when I got this hundred dollars it was on this old account just as I tell you." (Bank book of decedent exhibited by accountant.)

The auditor allowed the claim.

Exceptions to the auditor's report were dismissed by the court, HEMPHILL, J., filing the following opinion :

" The exceptions are to the auditor's findings of facts. In these we think him right, or at least cannot say that he is clearly wrong.

" Objection was made to a part of the testimony of Theodore P. Hambleton on the ground of interest, the other party being dead. He was called by Mr. Ramsay to testify to matters occurring since the death of his father, but Mr. Harris, upon cross-examination, examined relative to matters prior to decedent's death, thus making him a competent witness for all purposes, and the evidence subsequently adduced was in our opinion properly admitted.

" The exceptions are dismissed, the report confirmed and an order made to pay out in accordance with the schedule of distribution made by the auditor."

*Error assigned* was above decree.

*W. S. Harris* for appellant, cited: Early v. Rolfe, 95 Pa. 58; Bitner v. Boone, 128 Pa. 567; act of May 23, 1887, P. L. 158, Sup., Purd. Dig. 2199; Penna. R. R. v. Fortney, 90 Pa. 328.

*Monaghan & Holding* and *S. D. Ramsey*, for appellees, cited: Seip v. Storch, 52 Pa. 210.

PER CURIAM, March 5, 1895:

There was no error in dismissing appellant's exceptions, or in confirming the auditor's report and distributing the fund in accordance therewith; nor is there anything in either of the specifications of error, relating to these subjects, that requires special notice.

Decree affirmed and appeal dismissed, with costs to be paid by appellant.