## Harper's Estate.

*Decedents' estates—Claim for services—Parent and child—Evidence.*

A claim by a son against his father's estate for services as general superintendent and manager of the affairs of his father when living, is sufficiently established where three disinterested and credible witnesses testify to hearing a conversation wherein the father promised the son that if he would go on as he had been doing he would receive at his father's death enough to keep him for the balance of his days, and this is confirmed by the testimony of four witnesses as to declarations of the father to an intent to provide for the son if he continued to do as he had formerly done.

Argued March 31, 1899. Appeal, No. 282, Jan. T., 1898, by the Fidelity Insurance Trust & Safe Deposit Company executor and trustee, et al., from decree of O. C. Phila. Co., dismissing exceptions to adjudication in the estate of William Harper, Jr., deceased. Before STERRETT, C. J., GREEN, MC-COLLUM, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication awarding $12,000 and interest thereon from decedent's death to claimant.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to adjudication.

*Richard L. Ashhurst*, with him *V. Gilpin Robinson, A. P. Douglass, H. S. P. Nichols* and *Joseph De F. Junkin*, for appellants.—It has long been settled that the evidence necessary to prove the kind of contract attempted to be set up here, where the parties sustain the relation of parent and child, needs to be especially strong, or as defined in the cases "direct and positive," not merely what would be clear and satisfactory where there is no such relation: Candor's App., 5 W. & S. 513; Bash v. Bash, 9 Pa. 260; Hartman's App., 3 Grant, 271; Walls's App., 111 Pa. 460; Graham v. Graham, 34 Pa. 475; Barhite's App., 126 Pa. 404; Miller's Est., 136 Pa. 239.

*Howard W. Page* and *S. Davis Page*, of *Page, Allinson & Penrose*, for appellee.—A valid contract existed between claimant and decedent: Kauss v. Rohner, 172 Pa. 481; Snyder v. Castor, 4 Yeates, 353; Titman v. Titman, 64 Pa. 480; Harrington v. Hickman, 148 Pa. 401; Thompson v. Stevens, 71 Pa. 161.

OPINION BY MR. JUSTICE MCCOLLUM, May 23, 1900:

The appellants contend that the alleged parol agreement between the deceased and the claimant is not established by the evidence. It seems to us that their contention in this respect overlooks, or discredits the testimony of at least three disinterested and credible witnesses who while at work on a building of the decedent in July, 1879, heard a conversation between him and the claimant respecting the payment of wages by the former to the latter, which conversation, according to the testimony of Bell, terminated in the decedent saying to the claimant, "Go on as you have been doing as long as I live and at my death I will provide for you the balance of your days." Purdy, who was working with Bell at the time, testified that in answer to a question of the claimant concerning the payment of wages the decedent said: "Never mind Willie, you go on as you have been doing and that will be all right; when I die I will leave you enough to keep you the balance of your life." Gihen was present at the time of the conversation aforesaid and testified that in answer to the claimant's question respecting wages the decedent said: "You go on and do as you have been doing and I will look after you as long as I live and when I die I will leave enough to keep you the balance of your

life." It will readily be seen from this brief reference to the testimony of the witnesses present when the promise or agreement of the decedent was made to the claimant that they regarded it as an offer by the decedent accepted by the claimant. From that time on the claimant remained in the service of the decedent while he lived; he labored faithfully for and in the interest of the decedent and was the general superintendent and manager of his affairs. No one can question his fidelity to the trust reposed in him. Aside from the testimony of the witnesses named there is the testimony of eleven witnesses, four of whom testified to declarations and statements made by the decedent to the effect that if the claimant continued to do as he had formerly done he would at his death provide for him for the balance of his life. Seven witnesses testified as to the nature of the work performed by the claimant for the decedent, as to his capacity for it and the value of the services rendered. The testimony on this point is creditable to the claimant, and shows that he was regarded by the decedent as indispensable to him in the management of his affairs. Patterson, a nephew of the decedent is the only person called by the appellants as a witness in their behalf. He testified that he was surprised to learn that there was nothing definitely fixed between the decedent and the claimant; thus showing that the relations between them were such as he supposed would have produced a different result. It is plain enough that the will was not as he expected it to be. The discovery of a receipt signed by the claimant, and the reflection upon his habits, were not such as to deny to the latter the compensation for the services he rendered.

Upon a careful examination and consideration of the testimony we are satisfied that the conclusion arrived at by the auditing judge and affirmed by the court in banc is correct. The case as presented is in line with Thompson v. Stevens, 71 Pa. 169. The specifications of error are overruled and the decree of the court below is affirmed, the costs to be paid by the appellants.