# Watkins, Appellant, *v.* Hughes.

*Appeals—Final decree—Interlocutory decree—Quashing appeal.*

An order directing a decree to be prepared in accordance with the findings of the trial judge in an equity suit, is not a final decree from which a decree may be taken.

The Supreme Court will not proceed even with the consent of the parties, in cases where no judgment or decree has been entered by the court below.

*Equity—Findings of fact—Appeals—Review.*

Findings of fact by the trial judge in an equity suit, based upon sufficient evidence, and approved by the court in banc, will not be reversed by the appellate court, except for manifest error.

*Evidence—Witness—Party dead.*

Where a party to a suit, otherwise incompetent by reason of the death of another, is called for cross-examination by the adverse party, and examined as to matters occurring in the lifetime of the decedent, he is thereby rendered a competent witness for himself on all relevant matters.

Argued Feb. 23, 1903. Appeal, No. 77, Jan. T., 1902, by plaintiff, from decree of C. P. Lackawanna Co., May T., 1898, No. 5, on bill in equity in case of Daniel R. Watkins et al. v. Benjamin Hughes. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Appeal quashed.

Bill in equity for an account. Before GUNSTER, J.

The case was heard on bill, answer and proof.

Exceptions were filed to the findings of fact and conclusions of law. On February 24, 1900, the court filed the following order:

The exceptions are overruled. Let a decree be drawn in conformity with the findings of fact and conclusions of law of the trial judge.

On September 9, 1901, the following agreement was filed of record :

Now, September 9, 1901, for the purpose of giving plaintiffs a decision of this court from which an appeal may be taken, it is agreed that the order of the court of February 24, 1900, be considered a decree of the court with like effect as if a formal decree in pursuance of such order had been made and filed of record this day.

*Errors assigned* were answers to various requests for findings of fact and of law, and certain rulings on evidence.

*Charles L. Hawley*, for appellant.

*Everett Warren*, of *Willard, Warren & Knapp*, with him *Taylor & Lewis*, for appellee.

OPINION BY MR. JUSTICE POTTER, July 9, 1903 :

In the present case, there was no final decree in the court below. There was an order directing a decree to be prepared in accordance with the findings of the trial judge, but this was not done. That order was made on February 14, 1900, and even if it could be treated as a final decree, this appeal would be outside the statutory limit, and too late.

The agreement made by counsel, September 9, 1901, is not a decree and cannot be so regarded. This court will not proceed even with the consent of the parties, in cases where no judgment or decree has been entered by the court below: West's Appeal, 3 S. & R. 92.

The order of the court below is by its terms interlocutory, as it merely directs that a decree be drawn. When prepared it would have to be approved and entered by the court before it could take effect.

An order of court sustaining exceptions to the report of a referee is not a final decree or judgment from which an appeal can be taken : McGlue v. Phila., 105 Pa. 236.

An appeal will not lie except to a final decree of the court below : Eckfeldt's Appeal, 13 Pa. 171 ; Commonwealth v. Mitchell, 80 Pa. 57 ; Gesell's Appeal, 84 Pa. 238 ; Snodgrass's Appeal, 96 Pa. 420 ; Pennsylvania Steel Company's Appeal, 161 Pa. 571.

In the present case there is neither a final decree from which an appeal can be taken, nor is the entry of any decree assigned for error. The appeal must therefore be quashed.

A careful examination of the record, however, shows no substantial basis for an appeal, even if the decree had been formally entered. Most of the assignments of error relate to the findings of fact by the trial judge. There was evidence sufficient to sustain these findings and they were approved by the court in banc. There is no such clear error apparent as would warrant an appellate court in disturbing the findings of the trial judge.

The case turned mainly on the question whether the alleged signature of the defendant to the assignment of a one-half interest in a lease was genuine or forged. The trial judge found as a fact that the signature was forged and further found that Watkins was merely an employee of the defendant up to the time of his death. The authorities cited by appellants are all upon the question of the liability of a trustee to account. There is no doubt as to the propositions of law there stated, but the court below has found as a fact that the relation between Hughes and Watkins was that of employer and employee, not that of trustee and cestui que trust.

Watkins was to receive one half the profits of the business and the evidence is undisputed, and the court so found, that settlement in full was made for all profits accruing up to the date of his death. There was no trust existing between Hughes and Watkins, if the court's findings of fact are to be sustained and the authorities cited in behalf of the plaintiffs have therefore no application. The testimony of the defendant, Hughes, although it strengthened his case, was not necessary to justify a finding in his favor. The trial judge allowed him to testify because the plaintiff had called him for cross-exami-

nation, and thereby in the opinion of the court made him competent.

Where a party to the suit, otherwise incompetent by reason of the death of another, is called for cross-examination by the adverse party, and examined as to matters occurring in the lifetime of the decedent, he is thereby rendered a competent witness for himself on all relevant matters: Corson's Estate, 137 Pa. 160; Boyd v. Conshohocken Worsted Mills, 149 Pa. 363; Bair v. Frischkorn, 151 Pa. 466.

The testimony clearly shows that Hughes was examined by the plaintiffs when called for cross-examination as to matters which occurred in the lifetime of the decedent. This rendered him a competent witness as to other matters relevant thereto.

The appeal is quashed.