## Mothes' Estate.

*Appeals—Findings of fact—Conclusiveness of—Orphans' court.*
A finding by an auditing judge that a gift of personal property was actually made by a husband to his wife in the former's lifetime, will not be reversed on appeal, where the finding is based on competent evidence and is confirmed by the court in banc.

*Evidence—Witness—Party dead.*
Where a party to a suit, otherwise incompetent by the death of another, is called for cross-examination by the adverse party, and examined as to matters occurring in the lifetime of the decedent, he is thereby rendered a competent witness for himself on all relevant matters.

Argued Oct. 10, 1905. Appeal, No. 130, Oct. T., 1905, by Bertha Mothes, from decree of O. C. Phila. Co., Jan. T., 1905, No. 465, dismissing exceptions to adjudication in Estate of Alfred H. Mothes, deceased. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to adjudication.

DALLETT, J., filed the following opinion :

The accountant in this case, Emma Mothes, the widow and administratrix of the decedent, refused to account for $1,666.67 paid to her after her husband's death on account of his interest

in the Meehan-Mothes Company. This interest was repre-
sented by stock certificates of the face value of $5,000, worth
at the dissolution of the company $1,666.67.

The accountant claimed that the stock was a gift to her by
her husband during his lifetime and that the money received
therefor was her own. The exceptions filed on behalf of Ber-
tha Mothes, decedent's mother, are to the refusal of the audit-
ing judge to surcharge the administratrix with the amount re-
ceived for the stock.

The decedent was the manager and vice president of the
Meehan-Mothes Company up to the time of his death, on De-
cember 7, 1903.

On the evening of February 7, 1903, he brought certificates
for this stock to his home and in the presence of a niece,
Emma Boyd, then fourteen years old, and a frequent visitor
at the house, gave them to his wife, telling her that she should
keep them and not leave them out of her hands, that they were
hers. This occurred in the decedent's bed-room, and the wife
took the certificates and put them in a tin box in which the
decedent kept small sums of money. They were never trans-
ferred to her because, according to her testimony, the decedent
could not have remained as manager had he not held the stock
in his name.

In Hafer v. McKelvey, 23 Pa. Superior Ct. 202, ORLADY, J.,
citing Com. v. Compton, 137 Pa. 138, says : " It is now well
settled that a valid gift of non-negotiable securities may be
made by delivery of them to the donee without assignment or
indorsement in writing. This principle has been applied to
notes, bonds, stock and deposit certificates and life insurance
policies."

And in Hani v. Ins. Co., 197 Pa. 276, McCOLLUM, J.,
said : " That while formerly the doctrine was that a gift of a
chose in action requiring an assignment had to be actually
executed it was then held with substantial unanimity that a
written assignment was not necessary, and that a delivery of
a chose of action under such circumstances as would constitute
a gift of property in possession amounted to an equitable as-
signment of the property represented which the courts would
recognize."

If, therefore, the testimony in this case is competent there

464                     MOTHES' ESTATE.

Opinion of Court below—Opinion of the Court. [29 Pa. Superior Ct.

is no doubt but that the gift of this stock by the delivery of
the certificates to the wife was valid.

There were two witnesses—the niece, a young girl who
testified as to all the circumstances in relation to the delivery
of the certificates, who was disinterested and certainly compe-
tent.

And the accountant, the widow, who testified as to the de-
cedent's relations with the Meehan-Mothes Company, his gift
of the stock and his reasons for continuing it in his name.
Primarily incompetent this witness was made competent by the
adverse party when called for cross-examination and asked as
to decedent's membership in the firm at the time of his death,
the name in which the stock was held at that time, to whom
it belonged, etc.: Watkins v. Hughes, 206 Pa. 526.

The exceptions are dismissed and the adjudication confirmed
absolutely.


*Error assigned* was the decree of the court.


*Charles F. Linde*, for appellant.

*G. E. Schlegelmilch*, for appellee.


OPINION BY BEAVER, J., November 21, 1905:

The effort here was to surcharge the administratrix, the
widow of the decedent, with the proceeds of certain stocks al-
leged by her to have been a gift from her husband in his life-
time. Under the testimony of a disinterested witness, who
was present when the gift was made, there was an actual de-
livery, accompanied by words which indicated a gift. The ad-
judicating judge, who heard the testimony, who saw the wit-
ness upon the stand and who had the opportunity for judging
whether or not her testimony was inspired, found as a fact
that a gift of the stock in question had been actually made.
We have a careful opinion on this question from President
Judge HANNA of the orphans' court, covering the entire sub-
ject. Subsequently, upon exceptions to the finding of the au-
diting judge, Judge DALLETT delivered the opinion of the
court dismissing the exceptions. In a clear opinion, quoting

controlling authorities, he satisfactorily disposes of both questions raised by the assignments of error.

The assignments of error here are not in accordance with our rules XV. and XVI. The appellee, however, does not object to them and we do not, therefore, dispose of the case on the ground of their insufficiency. If the testimony of the witnesses was believed, there were ample grounds upon which to find, as a matter of fact, that there was a gift, inter vivos, from the husband to his wife: 8 P. & L. Dig. of Dec. 12,856.

As to the testimony of the administratrix, she was the appellant's witness. The grounds for her cross-examination were laid in her examination in chief, and it is too late now for the appellant to try to exclude the testimony which her counsel rendered competent by his examination of the witness in chief: Watkins v. Hughes, 206 Pa. 526.

Upon a careful examination of the whole case, we see nothing erroneous in the findings of the auditing judge. or in the opinion of the judge who delivered the opinion of the court dismissing the exceptions to the adjudication.

The decree is affirmed and the appeal dismissed at the costs of the appellant.