# Clad's Estate.

*Statute of limitations—Promissory notes—Payment of interest—Evidence.*

Where a man has given a promissory note to his mother-in-law, and has paid interest thereon for twenty-three years until his death, and such payments have been at stated interest periods either by the maker personally, or by his daughter with money supplied by the maker, and the note remains in the hands of the payee, the bar of the statute of limitations is tolled, and the daughter will not be permitted after her father's death to assert that the note was given to her by her mother.

The declarations of a decedent that he had been paying and would continue to pay interest on a note may be shown by the testimony of a stranger.

*Evidence—Party dead—Decedent's estates.*

Where the claimant against the estate of a decedent is called as a witness in his own behalf, and testifies to facts occurring since the death of the deceased, and on cross-examination is interrogated as to matters occurring during the lifetime of the deceased, he becomes a competent witness for himself as to all relevant and material matters.

Argued Jan. 11, 1906.     Appeal, No. 331, Jan. T., 1905, by Louise Clad, from decree of O. C. Phila. Co., April T., 1904, No. 428, dismissing exceptions to adjudication in Estate of Valentine Clad, deceased.     Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Henry C. Terry*, for appellant.—In a case of a debt barred on its face by the statute of limitations, collateral matters cannot be relied on to support the alleged promise or acknowledgment.     An identification by mere inference of the jury from other collateral matters is not sufficient : Rosencrance v. Johnson, 191 Pa. 520 ; Claghorn's Estate, 181 Pa. 608.

As to any matters occurring in the lifetime of Valentine Clad certainly the claimant was incompetent as a witness, and any declarations alleged to have been made to Mrs. Schussele

were not binding on the estate because made to a stranger: Lowrey v. Robinson, 141 Pa. 189.

A promise to pay a debt barred by the statute of limitations will operate to remove the bar of the statute only when the particular debt is unequivocally identified and acknowledged by the debtor at the time of the promise. Any uncertainty, either in the acknowledgment or identification, is fatal: Landis v. Roth, 109 Pa. 621; Hobough v. Murphy, 114 Pa. 358; Linderman v. Pomeroy, 142 Pa. 168; Patterson v. Neuer, 165 Pa. 66; Simrell v. Miller, 169 Pa. 326; Ward v. Jack, 172 Pa. 416; Rosencrance v. Johnson, 191 Pa. 520.

A promise to take the case out of the statute of limitations must be made to the plaintiff or his agent, and the acknowledgment must be a debt due plaintiff: Christy v. Flemington, 10 Pa. 129; Gillingham v. Gillingham, 17 Pa. 302; Lowrey v. Robinson, 141 Pa. 189.

The acknowledgment must be consistent with a promise to pay, and any words or explanations inconsistent therewith, accompanying the acknowledgment, render it insufficient: Wells v. Wilson, 140 Pa. 645; Linderman v. Pomeroy, 142 Pa. 168; Patterson v. Neuer, 165 Pa. 66; Miller v. Miller, 47 Legal Int. 475.

*Albert L. Moise*, of *Sharp, Alleman & Moise*, for appellee.— There was no valid gift of the debt by the payee to the maker of the note which was the evidence of the debt: Parker's Estate, 34 W. N. C. 376; Stockham's Estate, 19 Pa. C. C. Rep. 369; Smith v. Bank of Washington, 5 S. & R. 318; Stockham's Estate, 19 Pa. C. C. Rep. 620.

Interest was paid on said note within six years last past and tolled the statute: Wright v. Jordan, 181 Pa. 100.

Appellee was made a competent witness for all purposes by the cross-examination of her on new matter by appellant's counsel: Seip v. Storch, 52 Pa. 210; Hambleton's Estate, 166 Pa. 500; Watkins v. Hughes, 206 Pa. 526; Belcher's Estate, 51 Pittsburg Leg. Journ. 174.

OPINION BY MR. JUSTICE MESTREZAT, February 26, 1906:
Valentine Clad died February 11, 1902, and letters testamentary upon his estate were granted to his wife, Louise Clad,

the appellant. At the audit of the account of the executrix, in May, 1905, Lydia Muringer, executrix of Eva S. Muringer, deceased, presented for allowance a claim for $2,100, with interest at five per cent, from January 1, 1904, which she alleged to be due on a demand promissory note, not under seal, dated July 1, 1881, signed by Valentine Clad and payable to Mrs. Eva S. Muringer, the note stating the interest to be due on January 1 and July 1 of each year. Mrs. Muringer was the mother of Lydia Muringer and of Mrs. Valentine Clad.

The auditing judge found, on sufficient evidence, the following facts :

" Eva S. Muringer died in 1889, and it is agreed that Valentine Clad paid her interest on this note up to the date of her death.

" From 1889 to 1894, interest or an amount of money equal thereto—$52.50—was paid to Lydia Muringer, executrix of Eva S. Muringer and residuary legatee under her will, either by Valentine Clad or his daughter Eva S. Clad.

" From 1894 to 1902, the date of Valentine Clad's death, money amounting to $52.50 was paid to Miss Muringer each six months with perhaps the exception of two or three times when amounts closely approximating that sum were paid her by Miss Eva Clad.

" These payments were designated as presents to her aunt from her and her younger sister and were during the lifetime of her father paid with money received from him.

" From the death of Valentine Clad to January, 1904, payments of these amounts continued."

Mrs. Muringer, the payee of the note, had possession of the note until her death in 1889, when it passed into the hands of Lydia Muringer, her executrix, the appellee, who still retains it.

The auditing judge held, against the contention of Louise Clad, executrix of Valentine Clad, deceased, the appellant, that there had been no gift of the note by the payee in her lifetime to the daughters of the maker, and that the evidence introduced at the audit was sufficient to toll the running of the statute of limitations. The court in banc confirmed the adjudication, saying : " It is very clear that no valid gift of the note presented as a claim against the estate of the decedent was

shown and the auditing judge has found as a fact that payments of interest which .prevented the running of the statute of limitations, were made within six years." The appellant's counsel, in his printed brief, has confined his discussion to the sufficiency of the evidence to prevent the running of the statute. He, however, suggests in his argument that Lydia Muringer, the claimant, was not a competent witness to testify to matters occurring in the lifetime of Valentine Clad, and that " any declarations alleged to have been made to Mrs. Schussele (by Clad) were not binding on the estate because made to a stranger."

It is settled that a claimant against the estate of a decedent is not competent to testify for himself relative to matters occurring in the lifetime of the decedent. But it is equally well settled that where a claimant is called as a witness in his own behalf and testifies to facts occurring since the death of the deceased and, on cross-examination, is interrogated as to matters occurring during the lifetime of the deceased, that he becomes a competent witness for himself as to all relevant and material matters : Hambleton's Estate, 166 Pa. 500 ; Watkins v. Hughes, 206 Pa. 526. When Lydia Muringer was called as a witness to support her claim against the estate, her examination was confined to matters occurring since the death of Mr. Clad. To that extent she was clearly competent. When the learned counsel for the appellant cross-examined her, however, he did not confine himself to occurrences since the death of Mr. Clad, but went beyond that date and interrogated her fully as to matters occurring prior to his death. This made her competent for all purposes, and her counsel was then at liberty to examine her on all matters relative and material to her claim against the estate.

Appellant's counsel misapprehends the purpose of Mrs. Schussele's testimony. It was not introduced for the purpose of showing an acknowledgment of the debt, thereby tolling the statute, for which purpose, having been made to a stranger, it would not have been competent; but for the purpose of showing by the decedent's declarations and admissions that he was paying interest on the note, which, if true, would prevent the running of the statute. In other words, the purpose of the testimony was to show, by the decedent's own ad-

missions, that he had been paying, and would continue to pay, interest on the claim in controversy.

We think there was ample evidence to justify the orphans' court in holding that the statute of limitations had been tolled by the payment of interest on the note. The note was given in 1881 for money which it was admitted was received by Clad from his mother-in-law, and which he used in his business. The interest, as shown by the note, was due semiannually, on January 1 and July 1 of each year. Clad paid this interest, $52.50, regularly and semiannually until the death of the payee, Mrs. Eva S. Muringer, in 1889. From that date till 1894, the same amount of money was paid to Mrs. Muringer's executrix by Clad or his daughter, Eva S., on or about the times the semiannual payments of interest were due. From 1894 until Clad's death in 1902 like sums, except on two or three occasions, were paid at or about the same dates to the executrix of the payee by Miss Eva Clad, and the payments were continued until January, 1904. The original payee and her executrix have had possession of the note from its date till the present time, and during all those twenty-three years it is admitted there has been paid by the maker or a member of his family to whom he paid a like sum on each occasion, semiannually, on or about January 1 and July 1, a sum of money exactly equal to the interest due on the note on those dates. In the face of these facts alone the allegation of the appellant is incredible that subsequent to the death of Mrs. Eva S. Muringer, the payee, the semiannual payments were presents and not interest. The learned judge below correctly held that there had been no gift of the note by the payee in her lifetime to the children of the maker, as claimed by the appellant, and that ruling is not seriously controverted here by the appellant. The note, therefore, properly passed into the possession of the executrix of the payee at the latter's death, and it, as well as the indebtedness secured by it, is a part of Mrs. Muringer's estate. The definite sums paid semiannually to the executrix of Mrs. Muringer were due her on the note on these dates, and on no other claim or obligation, either individually or as executrix. If it was a present, and was not paid as interest, why was the exact sum to the very cent, $52.50, handed to the executrix, to whom the interest was payable every six months, for fifteen

years, during all of which time the appellant, who made these presents, alleges the note as well as the indebtedness belonged to her children? Again, if the payment was a present, why did the maker of the note pay, with the same regularity and on the same dates, to his wife and daughter, who delivered it to the executrix, a sum of money the exact equivalent of the interest due semiannually on the note? The evidence discloses no satisfactory answer to these questions, but, on the contrary, as said by the learned auditing judge, "whether paid by himself (Valentine Clad, the maker,) or his daughter, the peculiar amounts and the definite periods of its payment certainly earmark it as interest on this note."

The appellant's contention that the sum paid by her and her daughter were presents and not interest, is refuted not only by its improbability on the conceded facts but also by the positive testimony of the appellee's witnesses. There is no evidence in the case, and it is not claimed, that Clad was indebted to Mrs. Eva S. Muringer or her executrix in any other sum or on any other note; nor does the evidence show, nor is it contended, that Clad or his children paid to the payee or her executrix any other moneys as interest. Lydia Muringer, the executrix and appellee, testified that when Miss Eva Clad made the semiannual payments she said it was a present, but that she, the witness, "would object every time, because it was not a present." Mrs. Schussele is a daughter of Mrs. Eva S. Muringer and the sister of Mrs. Clad and of Lydia Muringer, the appellee. She testifies that about one and a half or two years before Clad's death she had a conversation with him in which he said: "I am a very sick man; we have such discussions at home, such quarrels with my wife and Miss Muringer about this interest business that I am going to forbid Miss Muringer the house." The witness replied: "That is all very well, to forbid her the house, but you pay her first that $2,100 of mother's note, then you can forbid her the house." Clad then said: "Why, she don't need that money; you big fool, how can I take $2,100 out of my business as if it was so many cents? She don't need the money; I will go on and pay her interest, and that is all she needs." In view of the fact that the semiannual installments of money paid to Mrs. Muringer in her lifetime, and being paid her executrix at the time of this con-

versation by Clad's daughter with moneys furnished by him, were the semiannual payments of $52.50, the exact amount due on those dates as interest on the note, it is manifest the money paid by the daughter was Clad's money, and was paid and received as interest on the note. On another occasion, two or three years before his death, Mrs. Schussele heard a conversation between Miss Muringer, the executrix, and Mr. Clad, in which Miss Muringer said to him she had come to see if she could "get her interest, it is over ten or twelve days," and that he then paid her the interest. Mrs. Schussele further testifies that during Clad's absence and within three or four years of his death, she saw Mrs. Clad pay Miss Muringer the interest in cash several times and take receipts. Miss Muringer testifies that the interest was paid her till January, 1904, by Mrs. Clad or one of her daughters, and she frequently gave receipts for it.

It is manifest, we think, that calling the sums paid by Clad's wife and daughter "presents" was a subterfuge, conceived and resorted to by Clad for the purpose of avoiding the effect which they would have as payments of interest on the note which he knew would prevent the running of the statute of limitations. By this artifice, Clad desired to prevent a suit on the note within the time required by the statute of limitations, and thereafter he expected to defeat a recovery of the claim by the legal holder of the note by pleading the statute.

We think there was ample evidence to warrant the finding of the court below that interest was paid on the note within six years of the audit, and hence the statute of limitations was not a bar to the appellee's claim.

The decree is affirmed.