## Holland's Estate

Before Lamorelle, P. J., and Gest, Van Dusen and Stearne, JJ.

*Isador Pepp*, of *Ramsay & Pepp*, for exceptant.

*Cadmus Z. Gordon, Jr., C. W. Frontz, Vincent P. McDevitt*, and *Earle Hepburn*, contra.

VAN DUSEN, J., October 26, 1934.—"Services rendered by the child to the parent are presumably gratuitous, and no payment therefor can be demanded unless a contract to so reward has been proven by clear, distinct and positive evidence": Mack's Estate, 278 Pa. 426, 428. In Caldwell v. Taylor et al., 276 Pa. 398, it is said that a contract between a girl and her foster parent must be proved "in explicit, consistent and unequivocal terms"; and in Breniman v. Breniman et al., Execs., 281 Pa. 304, it is said that a contract between parent and child must be proved by evidence that is "direct, positive, definite and unambiguous".

In the present case, the contract alleged is the statement of the decedent addressed to the claimant: "Belle, if you stand by me until I die, this house will be yours, its furniture and furnishings". Webster's Dictionary gives the following: "Stand-by, *n.* One that stands by one in need; one to be relied upon, either for regular use or for an emergency." "Stand-by, *v.* To maintain;

defend; support;" also "to be or continue serviceable to" "to be near; to be present."

We may supply in place of the word "stand by" in the statement of the decedent the definitions in the dictionary, and still we do not have a contract which is explicit, unequivocal, definite, and unambiguous. Was the claimant to be housemaid, or cook, or nurse, or secretary, or companion, or some or all of these? If a dispute had arisen as to whether the daughter was performing the duties she had agreed to perform, how are we to determine what those duties were to be?

We agree, therefore with the auditing judge in his conclusion that there is not sufficient evidence to establish a contract for payment. In the absence of such a contract, there can be no recovery by a daughter on a quantum meruit for services performed: Mack's Estate, supra, and cases therein cited.

The exceptions are dismissed, and the adjudication is confirmed absolutely.