Opinion by
 

 Keller, P. J.,
 

 The disposition of this matter largely depends on the findings of fact and the inferences proper to be drawn from them. The learned and able president judge of the orphans’ court, who saw and heard the witnesses, dismissed the exceptions filed by certain of the heirs to the adjudication distributing the balance shown by the amended account of the executor. They had excepted to the adjudication because the court had not surcharged the executor for negligence in failing to collect a note alleged to be owing the decedent by one of the heirs, a daughter, Mrs. Blair, which on the adjudication of the account the court had ruled could not be charged against her share in the estate, because at the time the account was filed the statute of limitations had run against it. No appeal was taken from the court’s ruling that the statute had run against the note. The heirs devoted their efforts to an endeavor to surcharge the executor.
 

 At the conclusion of the testimony on the second hearing the auditing judge found that the decedent, Clara H. Brown, had released her daughter, Mrs. Blair, from the payment of the note in question and that there was no liability by Mrs. Blair to the estate. It followed as a necessary corollary that the trust company executor was not liable for not collecting the note. The court in banc sustained the auditing judge, and in discussing the contention of the exceptants that no release had
 
 *465
 
 been executed by tbe decedent, said: “Tbe auditing judge did not say that a release was executed and, therefore, we do not see the appropriateness of the citations of authority which show that a release must be under seal. There is no reason why the testimony offered in this case at the first hearing, when there was no objection, is not sufficient to hold that Mrs. Blair^was released by her mother from liability. If there had been an intention to hold Mrs. Blair responsible for the payment of the note, her mother would have deducted the amount of it when she made a settlement with all her children. We would not think of laying down an inflexible rule which would require a mother and daughter to sign a sealed instrument called a release to discharge the daughter from liability. We must take Mrs. Blair’s word at full value and when we do so we find that the mother had abandoned her claim on the note signed by Mrs. Blair and given as a memorandum to aid her mother in keeping track of distribution among her children. If there should be any doubt in this case about the lack of negligence on the part of the executor, it should disappear when we recall that the exceptants asked a postponement of filing the account in order that they might proceed on a journey undertaken by them.” The testimony in the case, in our opinion, is sufficient to sustain the findings of the auditing judge and the decree of the court below, provided Mrs. Blair and Mr. Holland, the vice-president in charge of trusts of the accountant trust company, were competent witnesses. We think they were.
 

 1. At the hearing on the exceptions to the account, Mrs. Blair objected to items in the account charging her with the note and interest from January 16, 1930. Without going into the question of her liability on the note her counsel pleaded the statute of limitations. Her mother being dead, she was not a competent witness
 
 *466
 
 to testify as to any matters occurring during her mother’s lifetime. In an effort to prove an acknowledgment and promise by her within six years of the filing of the account, the accountant called Mrs. Blair as for cross-examination. Counsel for the other heirs made no objection to her testifying as under cross-examination. Having been called for cross-examination by an adverse party, and examined as to matters that occurred during her mother’s lifetime, under the express provisions of section 7 of the Act of May 23, 1887, P. L. 158, she thereupon became a fully competent witness as to all relevant matters, whether occurring before or after the death of the decedent:
 
 Shadle’s Est.,
 
 30 Pa. Superior Ct. 151, 155 (Rice, P. J.) citing
 
 Corson’s Est.,
 
 137 Pa. 160, 20 A. 588;
 
 Boyd v. Conshohocken Worsted Mills,
 
 149 Pa. 363, 24 A. 287;
 
 Hambleton’s Est.,
 
 166 Pa. 500, 31 A. 258;
 
 Danley v. Danley,
 
 179 Pa. 170, 36 A. 225;
 
 Watkins v. Hughes,
 
 206 Pa. 526, 56 A. 22;
 
 Mothes’ Est.,
 
 29 Pa. Superior Ct. 462. Judge Rice’s statement of the law in this respect, (p. 155) was cited and approved by the Supreme Court, as lately as
 
 Gallagher, Admr. of Dolan, dec'd v. Rogan,
 
 330 Pa. 545, 199 A. 168. See also,
 
 Mack’s Est.,
 
 278 Pa. 426, 123 A. 462;
 
 Lentz’ Est.,
 
 261 Pa. 530, 104 A. 763;
 
 Bair v. Frischkorn,
 
 151 Pa. 466, 25 A. 123. Her competency extended to subsequent proceedings growing out of the dispute then being heard. Furthermore on the hearing on the exceptions to the adjudication Mrs. Blair’s interests were not adverse to the estate. She had been absolutely relieved of any liability on the note. The time for an appeal had gone by. She had no interest adverse to the attempted surcharge. Under no circumstances could any liability on the note be imposed upon her. Hence on the hearing to surcharge the executor she was competent to testify. On both grounds she was a competent witness.
 

 
 *467
 
 2. Mr. Holland was a competent witness. There was no “thing or contract in action” between Mrs. Brown, the decedent, and the trust company executor, which disqualified an officer of the latter from testifying, under section 5(e) of the Act of May 23, 1887, P. L. 158. That Act, relating to the competency of witnesses, etc. is an enabling act, not a disabling one, and makes witnesses competent except where they are declared incompetent. The rights and duties of an executor do not begin until after the death of the testator, upon the grant of letters testamentary. Disqualification under section 5(e) is limited to cases “where any party to a thing or contract in action is dead, and his right thereto or therein has passed, either by his own act or the act of the law, to a party on the record who represents his interest in the subject in controversy.” In such case “the surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased” is declared not to be a competent witness to any matter occurring before the death of said party. As we said before, there was no “thing or contract in action,” between Mrs. Brown and her
 
 executor,
 
 within the meaning of the statute. The relation came into existence after her death, on the issuance of letters testamentary. The attempted surcharge had no relation to any transactions between the accountant and the decedent during the latter’s lifetime, as in
 
 Corson’s Est.,
 
 137 Pa. 160, 20 A. 588, where the accountant claimed that the decedent had made him a gift of the property in dispute:
 
 Hughes’ Est.,
 
 319 Pa. 321, 179 A. 577, where the accountant took credit for bills incurred by him in his mother’s lifetime;
 
 Mothes’ Est.,
 
 where the accountant widow claimed a gift of property from her deceased husband. The surcharge in this case related to matters occurring after the death of the decedent and
 
 *468
 
 the grant of letters testamentary, to wit, negligence in the subsequent management of the estate. It was not concerned with any “thing or contract in action” between Mrs. Brown and the accountant, but only to a dispute between the accountant and certain of the heirs, all of whom were living. The executor, by its officers and agents, was entitled to show that it had not been negligent in administering the estate, and they were competent witnesses as to any matters throwing light on the subject, which may have occurred during Mrs. Brown’s lifetime, because there was no “thing or contract in action” between it and Mrs. Brown which was affected by her death. This is evidently the point that Judge Rice had in mind in
 
 Shadle’s Est.,
 
 supra, p. 155, when he said, “We are not prepared to decide that the accountant would not have been competent to testify in his own behalf as to matters occurring in the lifetime of the decedent. But it is unnecessary to discuss, or express, a decided opinion upon that question.” Of course the accountant would not be competent to testify where he claimed a gift or transfer of property from the decedent and was opposing a surcharge for failing to include it as part of the estate; but as to matters relating to his negligence in administering the estate arising since the grant of letters, he is a fully competent witness under the Act of 1887.
 

 The decree is affirmed at the costs of the appellants.