# Gœhring's Estate.

*Executors and administrators—Accounts—Auditors—Delay of proceedings before auditor—Surcharge—Costs.*

1. Where exceptions to an executor's account have been passed upon by three auditors in succession, and the proceedings have been prolonged for four years in the distribution of a small estate, the executor will not be surcharged for any of the costs, if it appears that the responsibility for the delay attached to the failure of the first auditor to rule properly upon an objection made to the competency of a witness.

*Evidence—Competency of witness — Party dead—Cross-examination.*

2. Where a claimant against a decedent's estate is called as a witness in his own behalf and testifies to facts occurring since the death of the deceased, and, on cross-examination, is interrogated as to matters occurring in the lifetime, he becomes a competent witness for himself as to all relevant and material matters; but this rule does not apply to a case where a witness is called on his own behalf and is permitted against objection to testify fully as to matters that had occurred in the lifetime of the deceased. To hold that a cross-examination of the witness as to such matters

was a waiver of the objection to his competency, and accredited him as a witness, would be a perversion of the rule robbing it of all reason.

Argued Oct. 9, 1918. Appeal, No. 4, Oct. T., 1918, by Walter A. Rose, Executor, from decree of O. C. Beaver Co., June T., 1913, Nos. 22 and 23, dismissing exceptions to auditor's report in Estate of Christina Gœhring, deceased. Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ. Decree modified and affirmed.

Exceptions to auditor's report.

The opinion of the Supreme Court states the facts of the case.

*Errors assigned* were in dismissing exceptions to the auditor's report.

*James L. Hogan,* with him *Louis E. Graham,* for appellant.—The executor was competent to testify as to matters occurring in decedent's lifetime: Shadel's Est., 30 Pa. Superior Ct. 151; Yeager's Est., 31 Pa. Superior Ct. 202; Watkin v. Hughes, 206 Pa. 526; Clad's Est., 214 Pa. 141; Hambleton's Est., 166 Pa. 500; DeSilver's Est., 32 Pa. Superior Ct. 174.

*William A. McConnell,* for appellee, cited DeSilver's Est., 32 Pa. Superior Ct. 174.

OPINION BY MR. JUSTICE STEWART, January 4, 1919:

The appellant, Walter A. Rose, is the executor of the will of Christina Gœhring, who died 26th January, 1912, an old and feeble woman who had for years been a confirmed invalid. She was illiterate, and, because of this circumstance added to her physical infirmities, she was dependent upon others for the management of her business affairs. For years she had entrusted her business to Garrett T. Bentel, since made one of the legatees under her will. As manager of her business, though without

written authority to so act, he continued until June 26, 1908, when, by letter of attorney, giving most ample and complete power over her estate, she constituted the appellant her attorney in fact; a relation which continued until her death. Some fifteen months after the death of the testatrix, 7th April, 1913, the appellant as executor of the will filed two separate accounts of his trust, one designated a first and final personal account, the other a first and final real account. In subsequent proceedings these are treated as one account. Upon exceptions filed by certain parties in interest, with a view to surcharge accountant with assets said to be unaccounted for and avoid certain credits claimed, the matter was referred to an auditor to pass upon the exceptions filed and make distribution of the balance. A series of interruptions in the proceeding followed, with the result that it was not until June, 1917, that the auditor's report came before the court for adjudication. These interruptions suggest more or less irregularity in the proceedings, but, since the parties are not complaining with respect to these, and no error is assigned in connection therewith, we pass them by with the single observation, that when a delay such as this occurs, four years in a proceeding before an auditor in the distribution of an estate no greater than this, some sufficient explanation ought somewhere to appear. In this record we find none beyond the fact that three successive auditors were appointed and no sufficient reason given. When finally the report of the third auditor, who had little if anything before him in the way of testimony except that taken before the auditor first appointed, it was found that the exceptions filed to the account were for the most part sustained, and that the balance on the account due the estate was increased from $543.77 to $5,600.83. Exceptions in great number were filed to the report which were overruled and the report with certain modifications reducing the balance for distribution from $5,600.83 to

$4,500.39 was confirmed and a new schedule of distribution ordered.

This general statement of facts will be found quite sufficient in view of the legal question which we are now called upon to consider. Before the auditor the accountant was called as a witness in his own behalf. Objection was made to his competency. We do not find any specific ruling by the court on the question, but the witness was allowed to proceed evidently with a view to striking out the testimony later should it be found incompetent. During the proceeding the witness was repeatedly called to the stand on his own behalf and on each occasion the objection to his competency was renewed but not passed upon, and the witness was allowed to proceed with his testimony. The auditor in his report finds with respect to the period covered by the examination-in-chief of accountant as follows, "When Rose took the stand in his own behalf, he was interrogated fully and at length and testified explicitly about Mrs. Gœhring's condition between 1898 and 1912, and with specific reference to the period between January 1, 1903, and June 26, 1908, the period during which he was acting as attorney-in-fact— he was asked about the letter of attorney, the giving the mortgage for $2,000, the Rochester Trust Company stock and the Central Building Association stock, the Rochester Township property, the Tezell notes, the bunch of receipts covering a period from 1903 to 1911, both inclusive, "the little book" which covered alleged payments to Mrs. Gœhring from 1904, the date of her death, which was offered in evidence. All through his evidence he was questioned about payments made to Mrs. Gœhring and others out of these various sums he had received; about payments evidenced by the receipts and set down in his day book. In fact there was not a single item of debit or credit that was not touched on and inquired about." A careful examination of the evidence abundantly sustains this finding of the auditor. Referring to the cross-examination of this witness, the auditor finds "that it

was germane to the matter, and in view of the fact that it was made specifically subject to the objection taken when the witness took the stand in his own behalf, we do not think the counsel for exceptant went beyond this common law right to cross-examine, nor did he go beyond the scope of the examination-in-chief." If the testimony of this witness be eliminated from the evidence, both in chief and on cross-examination, little remains in support of the appellant's contention. Certainly nothing would warrant a reversal of the auditor's findings approved as they have been by the court below. Upon a careful review of the case, every finding by the auditor will be found supported by evidence, and without material contradiction except as the contradiction appears in the testimony of the accountant relating to the matters occurring in the lifetime of the testatrix. As we have said, the auditor's report was with certain modifications approved by the Orphans' Court, in an opinion by the learned judge which thus disposes of the question of the competency of the accountant as a witness, and the disregard by the auditor of his testimony. "The accountant took the witness stand in his own behalf and under objection testified fully as to all matters occurring both before and after the death of Mrs. Gœhring. Counsel for the accountant concede that when he took the stand he was not a competent witness as to matters occurring before her death, but maintain that the cross-examination made him such. The auditor ruled against this contention and his conclusion is fully warranted by the facts in the case and by the authorities cited by him. All such incompetent testimony of the accountant, including his cross-examination, must therefore be wholly excluded from consideration. The direct testimony being incompetent, the cross-examination rises no higher and cannot be treated even as declarations against his interest." Further on this appears in the opinion, "If it be kept in mind that accountant was not a competent witness as to matters occurring before the death of the decedent, it is not

a matter of extraordinary difficulty to determine the credits to which he is entitled......We have examined the testimony carefully and it is apparent that the auditor in the 57th finding sets forth all the items of disbursements of which there was any competent proof excepting one or two small items to which reference would be made later." The contention on the part of appellant is that this incompetency to testify was removed by the fact that the cross-examination of the witness extended to and covered occurrences which happened in the lifetime of the testatrix. It is quite true that the cross-examination did so extend, but it is no less true that it related to nothing that was not germane to the subject inquired of in the examination-in-chief, and, as found by the auditor, it was made specifically subject to the objection taken to the competency of the witness when he was offered. The decision as to the competency was not passed upon when the objection was first made, as it should have been, since the answer which was required was so obvious, and the examination proceeded subject to the reservation. It was not until the hearing before the auditor had been concluded, and the case was under review preparatory to the filing of the report, that the question of competency of the witness was decided; the auditor then reaching a conclusion that the objection to the witness should have been sustained. Having reached this conclusion he decided to disregard the testimony, which was in effect a ruling to strike it out. It will be observed that in the ruling no distinction was made in the testimony relating to occurrences after the death of testatrix, in regard to which the witness was competent, and that relating to occurrences before the death, in regard to which he was incompetent, but that the entire testimony was disregarded. The same is true with respect to the ruling of the court on the exceptions to the report. This was technical error at most; no prejudice to appellant could have resulted therefrom since his testimony taken as a whole related exclusively to occurrences that happened

during the lifetime of testatrix, covering th. period between the years, 1903 and 1912. If any of it related to a period subsequent, affecting in any way his debit or credit account, it has not been called to our attention and has escaped our own examination. The responsibility for this protracted and prolonged litigation attaches to the failure of the auditor first appointed to rule promptly upon the objection made to the competency of the witness. With his testimony eliminated, as it should have been, the case is free from embarrassing questions. The present contention that the cross-examination of the witness restored his competency rests on a misconception of the rule that where a claimant is called as a witness in his own behalf, and testifies to facts occurring since the death of the deceased, and, on cross-examination is interrogated as to matters occurring in the lifetime, that he becomes a competent witness for himself as to all relevant and material matters: Clad's Est., 214 Pa. 141.

The rule is wholly inapplicable in a case like the present. Where the examination-in-chief of the witness has been confined to matters occurring after the death, and the cross-examination is extended so as to contain matters occurring in the lifetime, to whatever extent, so far the witness is accredited by the opposing party, and because of this he becomes a competent witness in his own behalf as to all such matters. The party responsible for the removal of the disability of the witness is the cross-examining party; he may not remove it for his own purpose and deny to the other party equal share in the resulting advantage. The logic of the rule is that by extending the cross-examination beyond the limit the law prescribes the party so cross-examining makes the witness his own, and accredits him just as though he had called him in chief in the first instance, without qualification or restriction. In the present case the witness was called on his own behalf and was permitted against objection to testify fully and freely as to matters that

had occurred in the lifetime of the testatrix. To hold that a cross-examination of the witness as to such matters was a waiver of the objection to his competency, and accredited him as a witness, would be nothing less than a perversion of the rule robbing it of all reason.

We have referred to the undue delay that attended this proceeding. One result of this delay may be seen in the costs taxed. The costs taxed and allowed on the first two audits amounted to $287.50. The Orphans' Court in disposing of an exception filed to this taxation, says, "It is certain that all the costs of these audits amounting to $806.50 should not be paid out of the fund for distribution under the circumstances in the case. A considerable portion of these costs have been rendered necessary by the neglect and carelessness of the accountant, and he should be required to pay a portion of these costs. It is therefore ordered that the accountant pay the costs of the first two audits, with the exception of the stenographer's fee......The total required to be paid by the accountant being $212......All the other costs to be paid out of the fund." In this order we cannot concur, so far as it directs the payment of any part of the costs by the appellant. He certainly was not responsible for whatever it was that necessitated a third auditor in the case.

We sustain the exceptions filed to this order. Let the report be so amended, and as thus amended we overrule all the exceptions and confirm the report.