JOHN H. HUNT, RESPONDENT, v. JENNIE L. HENDRICK-
SON, RESIDUARY LEGATEE, APPELLANT.

Submitted December 5, 1921—Decided March 6, 1922.

1. A decree of the Orphans Court of Philadelphia, disallowing
   plaintiff's claim, is no bar to an action in this state when it
   appears from the record of such court that there was no trial
   of the claim upon the merits and no consideration of its validity,
   the court disallowing it for the single reason that the plaintiff
   absented himself from the trial there had and refused to prose-
   cute his claim before that court.
2. When a suit is brought against a devisee under our Heirs and
   Devisees act (*Comp. Stat.. p.* 2739) the defendant is being sued
   in a representative capacity.
3. A party who sues an heir or devisee under the Heirs and Devisees
   act (*Comp. Stat., p.* 2739) is barred from testifying with rela-
   tion to transactions with, or statements by, the intestate or tes-
   tator, unless the heir or devisee first offers himself or herself as a
   witness and testifies to transactions with, or statements by, such
   intestate or testator.

On appeal from a judgment of the Supreme Court.

For the appellant, *Bleakly & Stockwell.*

For the respondent, *Patrick H. Harding.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This action was brought in
the Camden Common Pleas Court to recover from Jennie L.
Hendrickson, the defendant below, an indebtedness alleged
to have been due to the plaintiff from Joseph D. Hendrickson,
deceased, for work and labor performed by the plaintiff for
the latter during his lifetime.    The alleged liability of the
defendant is based upon the fact that Hendrickson died seized
of certain lands located in Collingswood, in the county of
Camden, and that they passed to the defendant by a devise
contained in the decedent's will.    On these facts the plaintiff

averred that, by virtue of section 1 of our Heirs and Devisees act (*Comp. Stat., p.* 2739), the defendant is liable for the plaintiff's debt to the extent of the lands so devised. The defendant answered, setting up payment of the debt by the decedent in his lifetime; and further, that plaintiff's claim was barred by a judgment of the Orphans Court of the county of Philadelphia, in the State of Pennsylvania (decedent having been a resident of that county at the time of his death), one of the provisions of which was that the plaintiff's claim "will not be allowed." The trial of the cause resulted in a verdict for the plaintiff for the full amount of his claim. From the judgment entered on this verdict the defendant appealed to the Supreme Court, and two grounds were there relied upon for the reversal of that judgment: (1) That the trial court was in error in holding that the decree of the Orphans Court of the county of Philadelphia was not a bar to the plaintiff's right of action, and (2) that the trial court erred in permitting the plaintiff to testify with relation to transactions had by him with the deceased testator. The Supreme Court resolved both questions in favor of the plaintiff and affirmed the judgment; and these same questions are now made the basis of the defendant's present appeal.

In considering the first of these questions, the Supreme Court pointed out that it appeared from the record of the Orphans Court of the county of Philadelphia that there was no trial of the plaintiff's claim upon the merits and no consideration of its validity, the court disallowing it for the single reason that the plaintiff absented himself from the trial there had and refused to prosecute his claim before that court. It is apparent from these facts that the decree of the Philadelphia court was no bar to the plaintiff's present suit, and we are satisfied not only with the conclusion of the Supreme Court upon this point but with the reasoning upon which it is rested.

We cannot, however, agree with the view of the Supreme Court that the plaintiff was a competent witness to testify with relation to transactions had between himself and Mr.

Hendrickson during the latter's lifetime. The objection to the testimony was based upon the provision of section 4 of our Evidence act. *Comp. Stat., p.* 2218. That section provides that a party to an action shall not be permitted to give testimony "as to any transaction with, or statement by, any testator or intestate represented in said action, unless the representative offers himself as a witness on his own behalf and testifies to any transaction with or statement made by his testator or intestate." The defendant, Jennie L. Hendrickson, did not offer herself as a witness; but the trial court held and the Supreme Court considered that the plaintiff did not come within the prohibition of the statute, for the reason that the defendant did not represent the decedent within the meaning of the statute. We are unable to concur in this view. The two cases decided by this court, relied upon by the Supreme Court, are *Hodge* v. *Coriell,* 44 *N. J. L.* 456; *S. C. on appeal,* 46 *Id.* 354, and *Palmateer* v. *Tilton,* 40 *N. J. Eq.* 555. We think the scope of these decisions was misapprehended. In *Hodge v. Coriell* the plaintiff brought an action in replevin against the defendant as an individual. The latter set up as a defence that the property replevied belonged to him as the administrator of one Shurts, deceased. The question presented was whether the plaintiff was prevented by the statute from testifying with respect to the declarations of Shurts, to the effect that he had no title to the property, but that it belonged to the person from whom the plaintiff had purchased it. Chief Justice Beasley, delivering the opinion of the Supreme Court, said that a party to a suit "is not prevented by the law of this state" (referring to the Evidence act) "from testifying with respect to the declarations of an interested deceased person touching the subject of the controversy, except in one specified condition of affairs. Such exclusion arises only when the party testifying or the opposite party is suing or is being sued in a representative capacity. It is not enough that one of the parties is interested in the subject of the litigation as the representative of a decedent. The statutory criterion is clear and definite, and it is that one or the other

of the litigants *must appear upon the record* as a party suing or being sued in a representative capacity." The case of Palmateer *v.* Tilton was somewhat similar in its legal aspect: There the complainant filed a bill for the specific performance of a contract for the sale of land which was formerly the property of one Harvey. The defendant was the latter's executor, and by virtue of a power of sale conferred by the will he made the contract with the complainant which the latter sought to enforce. The suit was not brought against him in his representative capacity, but as an individual, and this court, following Hodge *v.* Coriell, declared that the complainant was a competent witness under the statute, for the reason that the defendant was not sued in a representative capacity.

The solution of the question now under consideration depends upon whether, when a suit is brought against a devisee under our Heirs and Devisees act, the defendant is being sued in a representative capacity. This question has received consideration from both the Supreme Court and the Court of Chancery in a number of cases, and a good deal of contrariety exists in the decisions of those tribunals. We think, however, that the decision of the Supreme Court, in the case of *Joss* v. *Mohn,* 55 *N. J. L.* 407, is an accurate exposition of the law relating to this subject. Mr. Justice Reed, writing the opinion for that court, said: "The primary question, therefore, is, Are heirs and devisees, in actions under the statute, representatives of the deceased debtor? I think they are. * * * It seems entirely undeniable that in actions like the present the heir or devisee stands instead of and so represents the deceased debtor. * * * The object of the statute is to subject the real estate of the deceased debtor to a liability for all classes of debts left unpaid by such debtor. As, before the passage of these acts, the personalty could be reached by an action against the executor or administrator, who represented the deceased in respect to this kind of property, so, after the act the real estate was reachable by an action against the heir or devisee as representative of the deceased debtor in respect of the realty. The heir or devisee certainly represents the tes-

tator or intestate as obviously as the estate of such deceased party is represented by an executor *de son tort* under our statute.  In an action against such an executor, as in an action against the heir or devisee, the judgment goes only for an amount equivalent to the value of the assets which have come to the hands of the defendant."  The reasoning of the opinion led the court to conclude that the statute barred a creditor as a witness in a suit brought against an heir or devisee.  It may be well to observe that Chief Justice Beasley, who wrote the opinion of this court in Hodge *v.* Coriell, and also in the later case of Palmateer *v.* Tilton, concurred in the view expressed by Mr. Justice Reed.  The question decided in the case just quoted from has been before this court on a number of occasions, but has not up to the present time been decided, the reason being that such decision was not necessary for the disposition of the case then under consideration.  We now hold, following Joss *v.* Mohn, that a party who sues an heir or devisee under the statute is barred from testifying with relation to transactions with, or statements by, the testator, unless the heir or devisee first offers himself or herself as a witness and testifies to transactions with, or statements by, the testator.

For the reason we have indicated, the judgment under review must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.