## Commonwealth of Pennsylvania *v.* One Mack Truck, Engine No. 108052, and Mack International Motor Truck Corporation, Appellant.

*Criminal law—Intoxicating liquor—Sale and transportation—Condemnation and forfeiture of truck—Act of March 27, 1923, P. L. 34.*

On proceedings to condemn a truck, alleged to be used in the unlawful transportation of liquor, an order of condemnation should be reversed, where there is no evidence on the record that the truck was used in such illegal transportation.

Where such unlawful use was neither admitted in the pleadings, nor conceded at the hearing, the Commonwealth is required to produce evidence of the unlawful use or possession of the property sought to be condemned. Such evidence failing and the fact not being conceded, there can be no condemnation.

Argued October 31, 1924. Appeal, No. 249, Oct. T., 1924, by Mack International Motor Truck Corporation, from decree of Q. S. Phila. Co., May Sessions, 1924, No. 295, in the case of Commonwealth of Pennsylvania v. One Mack Truck, Engine No. 108052, and Mack International Motor Truck Corporation. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Petition for condemnation of motor truck. Before GORDON, J.

The facts are stated in the opinion of the Superior Court.

The court entered a decree condemning the truck, and ordering that the same be forfeited and sold at public sale. Claimant appealed.

*Error assigned* was the decree of the court.

*Thomas F. Mount, Joseph W. Henderson,* and *Francis Rawle,* for appellant.

*Joseph K. Willing,* Assistant District Attorney, and with him *Charles Edwin Fox,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., March 16, 1925:

On May 22, 1924, the district attorney of Philadelphia County filed in the court of quarter sessions a petition for the condemnation and forfeiture of the defendant truck, alleging that it was taken into custody by the police officers of that city while it was being used in the unlawful transportation of intoxicating liquor. On June 12, 1924, the appellant filed an answer setting forth that it was the owner of the truck which was leased to one McVaugh on a bailment lease, and that it had no knowledge of the alleged unlawful use of the truck; that, if it was so used, it was without its knowledge or consent; and praying that its bond given to secure the production of the truck at the time of the condemnation proceedings be cancelled. A hearing was held on petition and answer. The Commonwealth produced no evidence. The appellant proved the lease as averred in its answer and delivery of the truck to the lessee under the terms thereof; that, if liquor was being hauled in the truck, it was without its knowledge or consent; and that at the time the truck was leased there was nothing to excite the suspicion that it would be used for the hauling of intoxicating liquor. The court accepted the claimant's testimony as true, condemned the truck and ordered it sold by the sheriff.

This was error. There is no evidence in the record that the truck was used in the illegal transportation of intoxicating liquor. Nor was such unlawful use admitted in the pleadings or conceded at the hearing. The question of the authority of the court to make the order of condemnation in the circumstances is squarely raised and stated for our decision. Under section 11, D, V, of the Act of 1923, the Commonwealth is required to pro-

Opinion of the Court. [85 Pa. Superior Ct.
duce evidence of the unlawful use or possession of the
property sought to be condemned.   Such evidence fail-
ing and the fact not being conceded, there can be no
condemnation.   It is unnecessary to pass upon the other
question raised as it has been fully considered in an
opinion filed in Commonwealth v. One Ford Truck, No.
46, October Term, 1924.

The order is reversed and the record remitted to the
court below for further proceedings.