BENJAMIN POTOKER, ASSIGNEE OF HARRY LANDSKRONER, APPELLANT, v. WIGDOR KLEIN, RESPOND-ENT.

Submitted May 25, 1928—Decided October 15, 1928.

For the appellant, *Benjamin M. Weinberg.*

For the respondent, *John W. McGeehan.*

The opinion of the court was delivered by

KATZENBACH, J. This action was instituted by Benjamin Potoker, assignee of Harry Landskroner, an insolvent debtor, to recover moneys given by Landskroner to the defendant in August, 1923, without consideration. The complaint alleges that on or about August 4th, 1923, Landskroner gave to Klein, the defendant, $4,700, which sum was had and received by the defendant for the use and benefit of Landskroner, "and said Wigdor Klein (the defendant) has not returned any part of said sum of $4,700, or any interest which has accrued thereon." The answer filed by the defendant admitted every allegation of the complaint except that which alleged that the defendant had not returned any part of said sum. This allegation the defendant denied. The case came on for trial. Counsel for each party opened. Interrogatories addressed to Klein admitting the receipt of the sum by him for the use and benefit of Landskroner were offered by the plaintiff and received in evidence. The plaintiff then rested. The defendant moved for a nonsuit on the ground that the proof of the plaintiff had failed to show that the money had not been repaid and that a present indebtedness existed. Counsel for the plaintiff then asked the trial judge to permit him to open the case and put in proof that the moneys had not been repaid. Notwithstanding the objection of the counsel for the defendant, the trial court exercised its discretion and opened the case. Counsel for the plaintiff then called the defendant as a witness. The defendant was the father-in-law of Landskroner. This witness testified that he had received a check for the amount which he had deposited in his account in a Newark bank and that from time to time covering a period of approximately six months after the reecipt of the money he had repaid to Landskroner, his son-in-law, in various sums in cash, the full amount of the money he had received, and that he owed none of the money. After the

admission of this testimony offered by the plaintiff and the testimony of Mrs. Landskroner to the same effect with reference to sums she had received under similar circumstances, which were the subject-matter of another action with which the present action has no connection, the plaintiff rested. The defendant offered no testimony and rested. Counsel for the defendant then moved for a direction of a verdict in favor of the defendant on the ground that there was no evidence that there was an existing right of action in Landskroner at the time of the appointment of the plaintiff as assignee and that the plaintiff had not sustained the burden of proof which was cast upon him. The trial judge granted the motion and directed the jury to return a verdict in favor of the defendant. From the judgment entered on this directed verdict the plaintiff below has appealed.

The sole ground of appeal is that the trial court erroneously directed the verdict when, as a matter of law, the said cause should have been submitted to the jury for its determination. We think the ruling of the trial judge correct. In his remarks to the jury he took the ground that if the jury returned a verdict in favor of the plaintiff he would set it aside on the ground that it was against the weight of the evidence. This assumes that there was evidence that the plaintiff had substantiated his claim. While we approve the action of the trial judge in directing the verdict we do not concur in the reasoning which prompted it. We base our opinion upon the ground that there was no proof offered by the plaintiff of the existence of a present subsisting indebtedness in his favor against the defendant. While it is true that some three and a half years prior to the commencement of this action the defendant had received moneys belonging to Landskroner, this raised no presumption that these moneys were due and owing to the plaintiff. Something else was necessary to be proved and that is that the moneys were still due from the defendant. This situation the counsel for the plaintiff recognized, first, by inserting in his complaint that "said Wigdor Klein [the defendant] has not returned any part of said sum of $4,700, or any interest which has accrued thereon, to the

said Harry Landskroner, or to anyone for or on his account or behalf, and there is, therefore, due to plaintiff, as assignee, &c.," and secondly, when confronted with the probability of a nonsuit for failure to prove this allegation of the complaint, by calling the defendant to prove that the money had not been repaid by him.

When the defendant testified that all the money received by him from Landskroner had been repaid to him there had been no evidence produced which substantiated the claim made in the complaint. The plaintiff was in no better situation than he was when the motion to nonsuit had been made. There is no inference of non-payment which can be drawn from evidence showing that at one time money had been received for the use of another. It is not like the case of a suit upon a promissory note where the plaintiff produces the note and proves his title thereto and rests. In such a suit from the possession of the promissory note by the plaintiff there is an inference of non-payment. This inference could not be drawn from the facts proven by the plaintiff in the present case before asking that the case be opened. As has been stated the plaintiff failed to prove that which was necessary for him to prove, namely, a present subsisting indebtedness, which burden he recognized was upon him as evidenced by the form of the complaint. After the plaintiff had called the defendant as his witness he was bound by the testimony which the defendant gave.

The argument made by the appellant is that the defendant clearly and frequently contradicted himself in his testimony and for that reason the truth of his testimony should have been left to the jury for its determination. The cases cited by the appellant to sustain this contention, as for example, *Furniture Co.* v. *Board of Education*, 58 *N. J. L.* 646; *Doyon* v. *Massoline Motor Car Co.*, 98 *Id.* 540; *Montecalvo* v. *Wahl*, 97 *Id.* 554; *McPherson* v. *Hudson and Manhattan Railroad Co.*, 100 *Id.* 262, are all cases which hold that where different inferences can be drawn from undisputed facts by fair-minded men a jury question is presented. This argument is specious as to the case under consideration. There was only one in-

ference that could be drawn from the testimony of the defendant when made the witness of the plaintiff and that was the inference of payment. Where evidence has but one meaning and but one legal conclusion can be drawn therefrom and it is not controverted there is no question for a jury to decide.

Assuming that the case had been submitted upon the plaintiff's theory that the jury were entitled to pass upon the credibility of the defendant because of alleged contradictions in his testimony, and the jury had returned a verdict for the plaintiff upon this theory of the case, the judgment would have to be reversed on review for the reason that there would be no evidence in the record to sustain the judgment, as the duty was cast upon the plaintiff to prove a subsisting debt due the plaintiff from the defendant, and this burden had not been met by the plaintiff. The plaintiff was at the trial in a dilemma. He at first rested without proof of a present subsisting indebtedness. This he saw was fatal. He then asked to open the case and put in the evidence lacking. When he attempted this the evidence was directly opposite to the testimony required to prove his case. His position had not been bettered by this effort. The proof desired was still lacking. He had failed to make out the case pleaded.

Where an allegation of non-payment is essential to the stating of plaintiff's cause of action, a general denial by defendant places the burden of proof upon plaintiff. 30 *Cyc.* 1264, 1265.

The judgment of the Essex County Circuit Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, WHITE, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 11.

*For reversal*—KALISCH, CAMPBELL, LLOYD, VAN BUSKIRK, JJ. 4.