## Commonwealth, Appellant, *v.* 3 Halves of Old Fashioned Beer et al.

192

Argued October 7, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Linn H. Schantz,* Special Deputy Attorney General, and *T. McKeen Chidsey,* Attorney General, for appellant.

*J. Harry LaBrum,* with him *George F. Coffin, Jr., Lewis Weinstock,* and *Conlen, LaBrum & Beechwood,* for appellee.

OPINION BY FINE, J., January 8, 1948:

The Commonwealth filed a petition for forfeiture of 11 cases and three halves of beer and a 1½ ton Dodge truck allegedly used in violation of the Pennsylvania Liquor Control Act of 1937, P. L. 1762, Art. 6, sec. 611(b), 47 PS 744-611(b) and the Beverage License Law of 1933, P. L. 252, sec. 26, as amended by the Act of 1937, P. L. 1827, sec. 1, 47 PS 100i. A rule was granted upon Joseph Fallon, Charles Jarnutowski, and Madrid Motor Corporation, respondents, to show cause why this property should not be forfeited to the Com-

monwealth. Fallon and Jarnutowski, the operators of the truck, did not file an answer and did not appear or defend the action. The Madrid Motor Corporation, owner of the truck, filed an answer denying that the truck was used in violation of the above Acts and averring that it ". . . had been stolen by trick or artifice from the possession of (Madrid), and that any alleged unlawful use of said truck occurred without its knowledge or consent." [1] After hearing, the court below granted the Commonwealth's prayer for forfeiture of the beer but refused forfeiture of the truck, concluding that: "The Commonwealth therefore has failed to produce any evidence to show that . . . the motor vehicle was used in the illegal transportation of intoxicating beverages." The Commonwealth appeals from the decree dismissing its petition for forfeiture of the truck.

Enforcement officers of the Pennsylvania Liquor Control Board, on October 26, 1946, seized 11 cases and three halves of beer and the $1\frac{1}{2}$ ton truck allegedly used in the transportation thereof, in the village of Treichlers, Northampton County. Fallon and Jarnutowski in possession of the beer and truck, were passing through Treichlers when the truck overturned, throwing the beer on the highway. The undestroyed beer was placed in a storage shed on the premises of Treichlers' Hotel, where it was later seized by the officers. The beer and truck were abandoned by Fallon and Jarnutowski who were apprehended a short distance away. They pleaded guilty to indictments charging them with transporting malt beverages for hire without first having procured the permit required by law: Section 26 of the Beverage License Law, supra.

The Commonwealth, in forfeiture proceedings under the above Act, has the burden of proving the necessary

---

[1] The Court must decree forfeiture of a vehicle even though its illegal use was without owner's knowledge or consent. See *Commonwealth v. One 1940 Chevrolet Station Wagon*, 159 Pa. Superior Ct. 615, 49 A. 2d 531.

facts by a preponderance of the evidence: *Commonwealth v. One 1936 Ford Truck,* 136 Pa. Superior Ct. 473, 7 A. 2d 532. To meet this burden the Commonwealth introduced the following evidence: (1) The indictments and pleas of Fallon and Jarnutowski, and (2) the testimony of officers McGrath and Schaefer as to conversations between them and Fallon and Jarnutowski regarding the illegal transportation. That evidence was admitted against Fallon and Jarnutowski only.[2] Objections by Madrid Motor Corporation to the admission of such evidence against it were sustained.

The action of the learned court below limiting the probative effect of the offered evidence to Fallon and Jarnutowski alone is not assigned as error by the Commonwealth and is therefore not before this Court. Cf. *Middletown Borough v. Pennsylvania P.U.C.,* 143 Pa. Superior Ct. 444, 17 A. 2d 904. Our function is to examine the record as it is presented to determine whether the Commonwealth has, by competent evidence, sustained its burden of proof. It has failed in this regard, for where, as here, unlawful use is neither admitted in the pleadings, nor conceded at the hearing, ". . . the Commonwealth is required to produce evidence of the unlawful use or possession of the property sought to be condemned. Such evidence failing and the fact not being conceded, there can be no condemnation": *Commonwealth v. One Mack Truck,* 85 Pa. Superior Ct. 180, 181, 182. In *Commonwealth v. Certain Confiscated Liquors,* 91 Pa. Superior Ct. 165, 171, this Court said: "Original proof should have been offered of the facts averred in the petition necessary for an order of condemnation." This was not done.

---

[2] Officers McGrath and Schaefer did not describe in any detail what they saw when they arrived at the scene shortly after the truck overturned. The testimony of both concerning what they saw or found at the scene yields less than one page of the printed record and is of little or no aid to the Commonwealth's cause.

No error was committed by the court below (and none is assigned by the appellant) in disregarding evidence adduced by appellee on cross-examination of a Commonwealth's witness as tending to establish certain averments in Commonwealth's petition for forfeiture. Where, as here, a witness is called on direct examination and, over objections of opposing counsel, testifies to evidence, inadmissible as hearsay, and the court defers its ruling thereon until the close of the case at which time the objections are sustained, the court's action and its disregard of the testimony in reaching its conclusion is in effect a ruling to strike out all of the evidence adduced on cross-examination, within the scope of the objectionable direct examination. "The direct testimony being incompetent, the cross-examination rises no higher and cannot be treated even as declarations against his interest." Cf. *Goehring's Estate,* 263 Pa. 47, 51, 106 A. 60; *DeSilver's Estate,* 32 Pa. Superior Ct. 174; 1 Hunter Orphans' Court Commonplace Book, section 1(e), page 412.

Order affirmed.