Commonwealth, Appellant, *v.* One 1927 Graham Truck.

Argued March 7, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Edmund P. Hannum,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellant.

*Leon F. Rokosz,* for appellee.

OPINION BY HIRT, J., July 15, 1949:

The 1927 Graham Truck, the subject of this proceeding, was seized by enforcement officers of the Liquor Control Board pursuant to §201(f) of the Pennsylvania Liquor Control Act, as amended by the Act of June 16, 1937, P. L. 1762, 47 PS 744-201, which authorizes the seizure of any vehicle used in the unlawful sale of liquor,

malt or brewed beverages. Alleging that the truck when seized "had been possessed or used or was intended for use" in violation of the Pennsylvania Liquor Control Act as modified by the amendment of 1937, supra, the Liquor Control Board petitioned the court for an order of condemnation and forfeiture of the vehicle. George Gillis was the registered owner of the truck and he was served with a copy of the petition. He appeared and testified at the hearing in this case. The lower court on consideration of all of the testimony found the evidence insufficient to support an order of forfeiture and dismissed the petition. The order will be reversed.

On Sunday, August 15, 1948, two enforcement officers of the Liquor Control Board went to the Hanover Athletic Association Park in Nanticoke where an amateur baseball game, sponsored by a number of citizens, was scheduled to be played. One of the officers testified, and there is no dispute as to these facts: At 2:30 p.m. Gillis drove his 1927 Graham truck, in question here, into the ball park. He immediately removed a Coca-Cola Cooler and four cases of beer from the truck. He took all of the cans of beer from the cartons and placed them in the cooler. Gillis then set up a counter from material which he removed from the truck, on which he displayed candy and cigars for sale. He had a separate iced tub container for soft drinks. The beer was legal beer in that it was tax paid and the transportation of it by Gillis to the ball park, in itself, was not unlawful. But Gillis did not have a license for the sale of beer. At 2:45 p.m. he sold a can of beer to one of the enforcement officers for 25 cents and ten minutes later made a similar sale to the other officer. He admits the sales to them but denies three prior sales of beer to other persons which were observed by the officers according to the testimony of one of them.

This is a proceeding under §611 of the Act as amended, 47 PS 744-611. An appeal from the order of

a court of quarter sessions to this Court, in such proceeding, is not prohibited by the Act. This appeal, therefore, is in the nature of a broad certiorari to determine whether the court below is chargeable with serious abuse of discretion or otherwise committed an error of law. *Commonwealth v. Hildebrand*, 139 Pa. Superior Ct. 304, 308, 11 A. 2d 688; *Martin's Grill, Inc., Liquor License Case*, 149 Pa. Superior Ct. 185, 27 A. 2d 293.

The proceeding is in rem and in accordance with subsection (d) (1), of §611, the Commonwealth brought this action as plaintiff against the property itself as the defendant. It is provided in §611(a) that no property rights shall exist in any vehicle used in the illegal transportation of liquor, malt or brewed beverages and sub-section (b) provides for the condemnation and forfeiture of a vehicle so used. This is not a criminal proceeding and we are not obliged to give a strict construction to the provisions of the Act relating to forfeiture. The Act itself in §3(a), 47 PS §744-3, provides: "This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth . . .; and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose". Proof by a fair preponderance of the evidence is all that is required to work a forfeiture of the vehicle unlawfully used in the transportation of liquor or malt beverages in violation of the Act. *Commonwealth v. 3 Halves of Beer*, 162 Pa. Superior Ct. 191, 56 A. 2d 333. Compare *Com. v. One 1946 Chrysler Sedan*, 162 Pa. Superior Ct. 179, 56 A. 2d 356, where we sustained an order of forfeiture for illegal transportation of liquor even though the automobile had not been observed in motion.

At the close of the Commonwealth's testimony the "burden" was imposed on the claimant in the present case by §611(d) (5) of the Act to show that his truck "was not unlawfully used". In our view that burden

has not been met by the claimant and the court is chargeable with a serious abuse of discretion in refusing an order of forfeiture in this case. In *Com. v. One Dodge Sedan*, 141 Pa. Superior Ct. 34, 43, 14 A. 2d 600, President Judge KELLER referred to the ease with which enforcement of liquor laws may be evaded by the use of automobiles and trucks, and the necessity for the strict control of such means of transportation if the traffic in illegal liquors is to be effectually restrained, citing *Com. v. One Dodge Motor Truck*, 123 Pa. Superior Ct. 311, 327, 328, 187 A. 461, and *United States v. Simpson*, 252 U. S. 465.

In the present case the claimant held the concession for the sale of refreshments at the baseball games played on the grounds of Hanover Athletic Association. On arriving at the park on the afternoon in question he at once erected a counter for the sale of candy and cigars and provided a tub of ice for soft drinks. And at the same time he set up the Coca-Cola cooler with more than 110 cans of beer in it, a few feet away from his sales stand but still readily accessible. We must ignore the evidence of three sales of beer, which were denied by Gillis, prior to the sales to the officers. But transportation, followed by the two admitted sales of beer immediately after Gillis had set up the paraphernalia of his concession, both within a few minutes after his arrival at the ball park, will admit of no other conclusion than that the beer was transported for the purpose of unlawful sale in accordance with a single preconceived plan. The Act of April 18, 1919, P. L. 72, 12 PS §1165, which brings up the testimony on broad certiorari provides that "the same shall be reviewed by the appellate court as a part of the record, with like effect as upon an appeal from a judgment entered upon the verdict of a jury in an action at law . . ." The rule therefore that we may not weigh conflicting evidence does not mean that we are obliged to accept an

utterly fantastic defense such as was interposed in this case. Here as in *Com. v. One 1936 Ford Truck*, 136 Pa. Superior Ct. 473, 7 A. 2d 532, the court fell into error by failing to apply the law correctly to the admitted facts. Stated otherwise, the evidence in this case does not support the order. Cf. *Kaufman Const. Co. v. Holcomb et al.*, 357 Pa. 514, 55 A. 2d 534.

The order is reversed and the record is remitted to the court below for the entry of an order adjudging the truck forfeited.