[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 3 
This is an appeal from a judgment for plaintiff entered in the Monmouth County Court.
The plaintiff's complaint alleged that he had rendered services from 1938 to 1946 to the decedent John Darcy; that the decedent had agreed to pay him $18.00 per week plus board and lodging; that the reasonable value of his services was $18.00 per week and aggregated $6,842.00; that decedent had not paid the same; and demanded damages from the defendants Elizabeth Dwyer, administratrix and next friend of John Darcy, Jr., a minor, and Elizabeth Dwyer, individually. The defendants' answer denied the rendering of the services and also denied the allegation that the decedent had not made payment therefor. *Page 4 
At the trial proper evidence was introduced with respect to the services rendered by the plaintiff and the defendants concede that it was sufficient to raise jury questions as to the rendering of the services and the making of the agreement for payment therefor in the sum of $18.00 per week, apart from board and lodging, which were admittedly received. However, plaintiff did not introduce any testimony that he had not received payment of the $18.00 per week. Thereupon, at the close of the plaintiff's case, the defendants moved for dismissal on the ground that he had failed to carry the burden imposed upon him by the authorities of establishing, as he alleged, not only the rendering of the services under the agreement to pay therefor, but also the fact of non-payment. See Potoker v. Klein,105 N.J.L. 183, 186 (E. A. 1928). The trial court then permitted the plaintiff to reopen his case to establish non-payment and for that purpose he was recalled to the witness stand. He was asked on direct examination whether he received any payment from the decedent Mr. Darcy and this was objected to under R.S. 2:97-2. The court overruled the objection and the witness testified that he had been paid $250.00 by the decedent and no more and was cross-examined thereon. There was no other testimony in the case with respect to non-payment and at the close of the entire case the matter was submitted to the jury which returned a verdict for plaintiff against all of the defendants in the sum of $5,616.00.
While the bar of R.S. 2:97-2 against testimony of transactions with the deceased has been criticised elsewhere (see 2 Wigmore, Evidence, sec. 576 (3rd ed. 1940)), it is well recognized and has been extensively dealt with by our courts. It is designed to silence a party from testifying as to transactions with the decedent, unless the decedent's representative removes the proscription. See Bankers Trust Co. v. Bank of RockvilleCenter Trust Co., 114 N.J. Eq. 391, 403 (E. A. 1933). The test "laid down in our decisions in ascertaining what is a `transaction with' the deceased about which the other party to it cannot testify is to inquire whether, in case the witness testified falsely, the deceased, if living, could contradict *Page 5 
it of his own knowledge." See VanWagenen v. Bonnot, 74 N.J. Eq. 843,847 (E. A. 1908). Under this guide the testimony by the plaintiff that the decedent had paid him $250.00 and no more was inadmissible and the decision of the Court of Errors and Appeals in Campbell v. Ackarman, 83 N.J.L. 567 (E. A.
1912) was explicitly to that effect. Accordingly, the overruling of the defendants' objection to the testimony constituted legal error.
The plaintiff contends that the error was cured by the fact that the defendant cross-examined him on his statement that he had received $250.00 from the decedent and no more. This cross-examination was strictly confined to the direct testimony and did not constitute a waiver of the objection to its admission. See Boylan v. Meeker, 28 N.J.L. 274, 296 and 318 (Sup. Ct. 1860), where the court stated that, "If a party cross-examine a witness to whose admission he has objected, it never has been held a waiver of the objection, or if a party introduces evidence to rebut testimony unlawfully admitted, that is no answer to his objection." Messenger v. The PatersonSavings Institution, 91 N.J.L. 654 (E. A. 1918), contains nothing to the contrary since there the testimony was not erroneously admitted on direct examination but was brought out for the first time on the cross-examination by counsel for the defendant administrator. Cf. In re Goehring's Estate, 263 Pa. 47,106 A. 60 (Sup. Ct. 1919); Jackowska-Peterson v. D. Reik Sons Co. et al., 240 Wis. 197, 2 N.W.2d 873 (Sup. Ct.
1942).
The plaintiff next contends that at the pre-trial conference there was a stipulation between the parties that payment had not been made to the plaintiff except in the sum of $250.00 and that consequently the erroneously admitted testimony to that effect caused no harm. When the defendants moved for dismissal the trial court inquired whether there had not been "a stipulation entered into that only $250.00 was paid" and counsel for the defendants responded that he did not so understand. The record does not contain any such stipulation and counsel for the defendants asserts directly that none was ever made. Under the circumstances, *Page 6 
we are not at liberty to consider the contention of the plaintiff based on the existence thereof.
The final item requiring mention is the plaintiff's contention, citing Forbes v. Forbes, 137 N.J. Eq. 520 (Ch. 1946), that even though reversal of the judgment against Elizabeth Dwyer as administratrix is required, the judgment against Elizabeth Dwyer, individually and as guardian, may be permitted to stand. We consider this point to be without merit; the Forbes case was not, as here, a proceeding against an administrator and others, presumably heirs, but was an action between heirs for the partition of their ancestors' land and is not pertinent. Cf.Hunt v. Hendrickson, 97 N.J.L. 180 (E. A. 1922). Furthermore, it should be noted that the plaintiff's complaint failed to set forth any cause of action whatever against Elizabeth Dwyer, individually, or as guardian, and at the trial no attempt was made to establish any claim against the defendant Elizabeth Dwyer, individually, or as guardian. No reason was advanced for their joinder, they were treated as nominal parties, and the entry of judgment against them evidently resulted from inadvertence. The interests of justice would, in any event, require that, at this stage, the judgment against them be set aside.
The judgment below is reversed and a new trial ordered.